IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-0330-CV-W-SOW |
| | ) |
| ROBIN BROWN, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court are plaintiff Essex Insurance Company's Motion for Summary Judgment (Doc. #25), plaintiff's Suggestions in Support, defendant Realty Asset Management, Inc's Response, and plaintiff's Reply. For the reasons stated below, plaintiff's motion is granted.

I. Background

Plaintiff Essex Insurance Company ("Essex") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. The relevant material facts are not in dispute: plaintiff Essex insured defendant Superior Protective Service, LLC ("Superior") under Policy No. 3CJ1622, effective October 9, 2003 through October 9, 2004.

On February 15, 2005, defendants herein Robin Brown and Russell Kirkland filed a wrongful death action against defendants Manchester Acquisition Partners, L.P., Realty Consultants, Inc., Realty Asset Management, Inc., Simon A. Mahanna, Superior, John W. Speakman, Michael S. Eslick, and Wendy M. Eslick in the Circuit Court of Jackson County Missouri. The underlying Petition alleges that on or about September 30, 2004, Mr. Speakman, Michael Eslick, and Wendy Eslick violently struck decedent Russell Brown with a bullwhip and

1

a taser, then repeatedly shot Russell Brown, resulting in his death. The Petition includes a demand for punitive damages.

The policy issued to Superior by Essex included the following exclusion under Section I - Coverages:

> 2. Exclusions
>    This insurance does not apply to:
>    a. Expected or Intended Injury
>
>    "Bodily injury" or "property damage" expected or intended from
>    the standpoint of the insured. This exclusion does not apply to
>    "bodily injury" resulting from the use of reasonable force to protect
>    persons or property.

The final sentence of this exclusion was deleted by operation of Endorsement M/E-024 (9/00).

The policy issued to Superior by Essex also included an "Assault and/or Battery Exclusion," Endorsement M/E-024 (9/00), which states in relevant part:

> **ASSAULT AND/OR BATTERY EXCLUSION**
>
> **THIS ENDORSEMENT CHANGES THE POLICY**
> The coverage under this policy does not apply to any claim, suit, cost or expense
> arising out of assault and/or battery, or out of any act or omission in connection
> with the prevention or suppression of such acts, whether caused by or at the
> instigation or direction of any Insured, Insured's employees, patrons or any other
> person. Nor does this insurance apply with respect to any charges or allegations
> of negligent hiring, training, placement or supervision. Furthermore, assault
> and/or battery includes "bodily injury" resulting from the use of reasonable force
> to protect persons or property. The sentence "This exclusion does not apply to
> 'bodily injury' resulting from the use of reasonable force to protect persons or
> property" is deleted from the Commercial General Liability Coverage Form,
> Section I, Item 2, Exclusions, a.

The policy also states that punitive and exemplary damages are not covered under the policy.

The policy states that where there is no coverage under the policy, there is no duty to defend.

II.  Standard

Summary judgment is appropriate when there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56( c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Under Missouri law, the interpretation of an insurance policy is a legal question.  Capitol Indem. Corp. v. 1405 Assocs., Inc., 340 F.3d 547, 549 (8th Cir. 2003).  Absent an ambiguity, courts read policy provisions in the context of the policy as a whole and enforce the policy as written, giving the language its ordinary meaning, unless another meaning is plainly intended.  Trans World Airlines, Inc. v. Associated Aviation Underwriters, 58 S.W.3d 609, 622 (Mo. Ct. App. 2001).

Where an insurer seeks to escape coverage based on an exclusion, the insurer has the burden to show the exclusion's application.  Superior Equip. Co., Inc. v. Maryland Cas. Co., 986 S.W.2d 477, 482 (Mo. Ct. App. 1998).  Where the complaint against the insured shows on its face the exclusion's applicability, however, the insurer's burden is met.  Ira E. Berry, Inc. v. American States Ins. Co., 563 S.W.2d 514, 516 (Mo. Ct. App. 1978).

III.  Discussion

Essex argues that judgment should be entered in its favor because Essex has no duty to defend or indemnify its insured, Superior, against the lawsuit filed by Robin Brown and Russell Kirkland for the wrongful death of Russell Brown.  According to Essex, Brown and Kirkland have alleged in their Petition that Essex's insured, Superior, a security services company, employed Wendy Eslick and Michael Eslick.  Superior contracted with Ashley Park Apartments to provide security-related services for the Ashley Park Apartments located at 6421 Manchester in Kansas City, Missouri.

3

The Petition alleges that on the night of September 30, 2004, Michael Eslick and Wendy Eslick, in conjunction with John Speakman of Citizen Protection and Security, were directing the removal of illegally parked vehicles from the parking lot of the Ashley Park Apartments. One of the vehicles being towed belonged to Russell Brown. An altercation developed between Brown and the Eslicks and Speakman about whether Brown's vehicle was illegally parked. The altercation escalated when Speakman began whipping Brown with a bullwhip. Then, Mr. Eslick allegedly "tasered" Brown. Shortly thereafter, Mr. Eslick shot Brown with a handgun multiple times, mortally wounding him.

In addition to these allegations, the lawsuit filed by Robin Brown and Russell Kirkland asserts several general negligence claims against Superior, Michael Eslick, and Wendy Eslick. These claims include:

> (a) They failed to adequately screen and check the backgrounds of the employees they were hiring;
> (b) They hired unqualified employees and security personnel;
> (c) They were unqualified for the duties and obligations for which they were hired;
> (d) They failed to adequately train employees;
> (e) They failed to adequately supervise employees;
> (f) They failed to have adequate policies and procedures in place to avoid the type of injuries that subsequently occurred;
> (g) They used force in excess of that which was required for the situation;
> (h) They violently struck decedent's body with a bullwhip and taser; and
> (i) They repeatedly shot decdent with a handgun which resulted in decdent's death.

An insurer's duty to defend can arise only out of an insurance contract. <u>Fireman's Fund Ins. Co. v. TIG Ins. Co.</u>, 14 S.W.3d 230, 232 (Mo. Ct. App. 2000).

A. <u>The Insurance Policy Issued to Superior by Essex Excludes Loss for Injuries Arising Out of Expected or Intended Injuries and/or an Assault and/or Battery</u>

Brown and Kirkland's Petition alleges that Mr. Eslick assaulted and then shot the

4

decedent, Russell Brown.  The Expected or Intended Injury exclusion in the policy issued to Superior by Essex excludes coverage for "bodily injury" that is "expected or intended from the standpoint of the insured."  The policy also excludes coverage for "any claim, suit, cost or expense arising out of assault and/or battery . . . ."

In response, defendant Realty Asset Management, Inc. ("Realty") makes the incredulous claim that "Whether the injury allegedly caused by the Eslicks, Superior, and Mr. Speakman was intended or expected is a question of fact."  When an individual is bullwhipped, tasered, and then shot multiple times, it seems clear that the injury is at least expected if not intended.

"The act of an insured need not be expressly intentional, but can be inferred," as an injury is "expected or intended" from the standpoint of the insured if a reason for an insured's act is to inflict bodily injury, or when the character of the act is such that an intention to inflict an injury can be inferred as a matter of law.  <u>Hanover Insurance Company v. Newcomer</u>, 585 S.W.2d 285, 289 (Mo. Ct. App. 1979).  In this case, the Petition filed by Brown and Kirkland, while alleging negligence, states that the Eslicks and Speakman "violently struck decedent's body with a bull whip and a taser; and repeatedly shot decedent with a handgun which resulted in decedent's death."  While these claims may be labeled as negligence claims by the plaintiffs in the state court action, they contain allegations of intentional conduct that led to expected, if not intended, "bodily injury."  When Mr. Eslick fired four or five rounds of ammunition from a handgun into the body of the decedent, he realized, or should have realized, the strong probability that Mr. Brown would suffer a "bodily injury" as a consequence of his actions.

Accordingly, the Court finds that as a matter of law, Essex does not have a duty to defend or indemnify Superior, the Eslicks, or Speakman in the underlying state court action based upon

5

the Expected or Intended Injury exclusion in the insurance policy issued to Superior by Essex.

B. <u>The Insurance Policy Issued to Superior by Essex Excludes Claims for Negligence in Hiring, Training, Placement, and Supervision</u>

The negligence allegations contained in the subparts of Paragraph 23 of the State court Petition are directly excluded from coverage in the Assault and Battery exclusion portion of the insurance policy at issue.

## IV. Conclusion

Accordingly, for the reasons stated above, it is hereby

ORDERED that plaintiff Essex Insurance Company's Motion for Summary Judgment (Doc. #25) is granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: <u>May 22, 2006</u>

6